IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALEJANDRO D. QUEVEDO-ANDRETTI, | ) ) ) | 8:15CV31 |
| Plaintiff, | ) ) ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, TYLYNN BAUER, Fac. Op. Ofc., KRISTINE BOESIMMONS, Assoc. Fad. Op. OFC., STEPHEN O'NEILL, Psychiatrist, DARYL STEPHENSON, Psychiatrist, HOLLI FRYE, Compl. Specialist, STEPHANIE BRIGHT, Compl. Specialist, KAYLA HRABANEK, Compl. Specialist, and DAVID MITCHELL, Psychologist & Facilitator, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court for case management. Since filing a Complaint on January 22, 2015, Plaintiff Alejandro D. Quevado-Andretti has filed four pleadings and motions seeking to supplement his Complaint. Most recently, Plaintiff filed a Supplement to his Complaint on March 26, 2015, and a Motion for Leave to File a Supplemental Complaint on April 6, 2015. While the court *may* consider amended pleadings as supplemental to an original pleading in pro se cases (*see* NECivR 15.1(b)), the court will no longer permit the piecemeal filing of supplemental pleadings in this case.

The court will give Plaintiff leave to file one amended complaint that identifies each defendant by name and states all of his claims (and any supporting factual allegations) against that defendant. Plaintiff is *ordered not to file* any other amended pleadings or supplements to his pleadings, aside from the one contemplated in the preceding sentence, without first obtaining leave of the court as required by Rule 15(a) of the Federal Rules of Civil Procedure, and Rule 15.1 of the local rules of this court.

After Plaintiff files an amended complaint, the next step in his case will be for the court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). This review cannot occur if Plaintiff continues to supplement his Complaint with additional claims against additional defendants.

B.   **Motion to Appoint Counsel**

Plaintiff seeks the appointment of counsel. (Filing No. 11.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.   Plaintiff must file an amended complaint within 30 days that identifies each defendant by name and states all of his claims (and any supporting factual

allegations) against that defendant. Failure to do so will result in the court dismissing this action without prejudice and without further notice for failure to prosecute it.

2. Plaintiff is *ordered not to file* any other amended pleadings or supplements to his pleadings, aside from the one contemplated in the preceding paragraph, without first obtaining leave of the court as required by Rule 15(a) of the Federal Rules of Civil Procedure, and Rule 15.1 of the local rules of this court.

3. Plaintiff's Motion to Appoint Counsel (Filing No. 11) is denied.

4. In light of the foregoing, Plaintiff's Motion for Leave to File a Supplemental Complaint (Filing No. 13) is denied as moot.

5. The clerk of the court is directed to set the following pro se case management deadline: May 11, 2015: check for amended complaint.

DATED this 10th day of April, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.